**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TASHA DAIGLE,<br><br>                  **Plaintiff,**<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., CAPITAL ONE BANK, CREDIT ONE BANK, FIRST PREMIER BANK, GENERAL COLLECTIONS & RECOVERIES, SALLIE MAE, US DEPARTMENT OF EDUCATION, USA FUNDS, INC., COMENITY BANK<br><br>                  **Defendants.** | **Civil Case Number: 3:18-cv-00783-SDD-EWD**<br><br><u>**CIVIL ACTION**</u><br><br>**FIRST AMENDED COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**<u>INTRODUCTION</u>**

1. Identity theft is clearly a widespread problem in this country. Over the past decades, identity theft has emerged over the last decade as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resultant harm caused to their credit reports.[2]

2. As a result of this growing problem, Congress amended the Fair Credit Reporting Act in 2003 ("FCRA," 15 U.S.C. 1681 *et seq.*) to increase protection for victims of identity theft.[3] These

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http://www.ftc.gov/os/2003/09/synovatereport.pdf) .
[3] *See*, Pub.L. 108–159 (December 4, 2003)

-1-

regulations require "consumer reporting agencies" ("CRAs") such as Equifax, Experian and TransUnion to block information in a consumer's credit report if that information resulted from identity theft. The CRA must do so within four days of receiving certain documentation of the identity theft. 15 U.S.C. § 1681c–2(a). That documentation includes: proof of the consumer's identity; a copy of "an identity theft report"; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made. *Id.* Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information. 15 U.S.C. § 1681c–2(b).

3. Tasha Daigle, the Plaintiff in this case, has been the unfortunate victim of identity theft. Specifically, another individual (named "Tiffany") has been going around and using Plaintiff's personal information to wrongfully obtain credit, which then prevents Plaintiff from obtaining the credit she needs and having the credit score she earned and deserved. This unfortunate situation has then compounded by the Defendants' refusals to block this information and remove this fraudulent information from the Plaintiff's credit report.

4. Rather than working with Ms. Daigle to rectify this situation, the Defendants refuse to remove these fraudulent accounts and credit inquiries from her credit report, despite the Plaintiff specifically disputing these fraudulent items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by associating these fraudulent account with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit, a mortgage to buy a home or even obtain car insurance under her own name.

5. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that the Defendants have negligently and recklessly disseminated false

information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent accounts, particularly after the Plaintiff mailed letters to Defendants specifically advising them of its these errors and submitting extensive supporting documentation.

6. Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes. Of note is the Defendants' repeated refusals to consider the different full length Social Security numbers and dates of birth between Plaintiff and 'Tiffany' who has been abusing the good credit earned by Plaintiff.

7. Additionally, Defendants have failed to follow the most basic requirements of the FCRA, which require this information to be blocked within four days of being provided the necessary documents.

8. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Louisiana, and violated Plaintiff's rights under the FCRA in the state of Louisiana as alleged more fully below.

10. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff, Tasha Daigle ("Plaintiff"), is a resident of Baton Rouge, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

14. Defendant Capital One Bank is a national bank with its headquarters located at 1680 Capital One Financial Corp Drive, McLean, Virginia 22102.

15. Defendant Credit One Bank is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

16. Defendant First Premier Bank is a national bank with its corporate headquarters located at 601 S. Minnesota Avenue, Sioux Falls, South Dakota 57104.

17. Defendant General Collections & Recoveries is a collection agency with its principal place of business located at 3720 S. MacArthur Drive, Alexandria, Louisiana 71302.

18. Defendant Sallie Mae is a student loan agency with its principal office located at 300 Continental Drive, Newark, Delaware 19713.

19. Defendant U.S. Department of Education is a government agency with its principal office located at 400 Maryland Avenue, SW, Washington, D.C. 20202.

20. Defendant USA Funds, Inc. is a student loan agency with its principal office located at 9998 Crosspoint Blvd, Suite 400, Indianapolis, Indiana 46256.

21. Defendant Comenity Bank is a national bank with its corporate headquarters located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

## FACTUAL ALLEGATIONS

22. For the past several years, an unrelated individual has been using the Plaintiff's name and personal information to fraudulently obtain credit for her own benefit.

23. This individual has the same last name as the Plaintiff, but a different date of birth and a different Social Security number.

24. Nonetheless, because of the Defendants' ineffective policies, these fraudulent accounts would then show up on the Plaintiff's credit report anyway, severely harming her credit score and her ability to do normal everyday things like obtain car insurance.

25. Throughout 2016, 2017 and 2018, Plaintiff would repeatedly dispute these fraudulent accounts with the Defendants, advising the Defendants that she was the victim of identity theft.

26. For example, on April 11, 2018, after noticing a number of fraudulent accounts on her credit report, the Plaintiff wrote to Experian, stating:

> "I am disputing the tax lien listed for Cobb County Superior Court…there are several other accounts listed on the report that are inaccurate…**The following accounts are not mine**: Capital One (acct#517805951986…), Credit One Bank (acct#444796233430…), First Premier Bank (acct#517800607545… & 517800665011…), General Collections (#630725…), Sallie Mae (acct#958150658100012004… & #9581505658100022004…), U.S. Department of Education (#1471…), USA Funds (acct#5958150… & 6958150…), Comenity Bank/Victorias Secret (acct#585637532102…)."

27. In response, Experian refused or otherwise failed to remove these fraudulent accounts from Plaintiff's credit report.

28. All Defendants were notified of the respective disputes, but refused to investigate and/or remove the inaccurate reporting.

29. Defendants did not block the inaccurate information, even after the Plaintiff sent them all required documentation, including Police Reports and Identity Theft Reports.

30. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s, 1681c and 1681i of the FCRA.

31. As a direct and proximate result of the Defendants' violations of the FCRA, Plaintiff has been harmed in her daily life. For example, Plaintiff has been unable to do something as simple and necessary to life as obtain car insurance under her own name, because of the greatly increased costs of that insurance, solely due to the Plaintiff's negative credit affected by these fraudulent accounts and inaccurate information that the Defendants refuse to remove from her credit report. Plaintiff similarly cannot get a place to live because of her wrongfully affected credit, and is instead forced to live in the back of her business.

32. Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in her daily life, which she should not have to deal with.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

33. All preceding paragraphs are realleged.

34. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

35. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

36. On multiple occasions throughout 2016, 2017 and 2018, Plaintiff initiated disputes with each of the Defendants requesting that they correct information from her credit file that was patently inaccurate and damaging to her.

37. The Defendants, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate items on Plaintiff's credit file.

38. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

39. All preceding paragraphs are realleged.

40. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

41. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed these fraudulent accounts from the Plaintiff's credit report, especially after the Plaintiff (1) mailed numerous dispute letters to Experian, and (2) provided Experian with documents and information definitively establishing that she was the victim of identity theft and that these accounts were not

opened by him.

42. Furthermore, were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Equifax with the information specifically requested by Experian.

43. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST CAPITAL ONE BANK

44. All preceding paragraphs are realleged.

45. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

46. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant Capital One Bank.

47. Defendant Capital One Bank received these disputes.

48. Defendant Capital One Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

49. Defendant Capital One Bank failed to reasonably investigate Plaintiff's dispute.

50. Indeed, Defendant Capital One Bank's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

51. Defendant Capital One Bank's conduct violated section 1681s-2(b) of the FCRA.

## COUNT IV
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST CREDIT ONE BANK

52. All preceding paragraphs are realleged.

53. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

54. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant Credit One Bank.

55. Defendant Credit One Bank received these disputes.

56. Defendant Credit One Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

57. Defendant Credit One Bank failed to reasonably investigate Plaintiff's dispute.

58. Indeed, Defendant Credit One Bank's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

59. Defendant Credit One Bank's conduct violated section 1681s-2(b) of the FCRA.

## COUNT V
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST FIRST PREMIER BANK

60. All preceding paragraphs are realleged.

61. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

62. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing

the accuracy of the account being reported by Defendant First Premier Bank.

63. Defendant First Premier Bank received these disputes.

64. Defendant First Premier Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

65. Defendant First Premier Bank failed to reasonably investigate Plaintiff's dispute.

66. Indeed, Defendant First Premier Bank's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient. Defendant First Premier Bank's conduct violated section 1681s-2(b) of the FCRA.

## COUNT VI
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST GENERAL COLLECTIONS & RECOVERIES

67. All preceding paragraphs are realleged.

68. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

69. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant General Collections & Recoveries.

70. Defendant General Collections & Recoveries received these disputes.

71. Defendant General Collections & Recoveries was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

72. Defendant General Collections & Recoveries failed to reasonably investigate Plaintiff's dispute.

73. Indeed, Defendant General Collections & Recoveries' on-going failures to correct Plaintiff's

account information is evidence that its investigation into Plaintiff's dispute was deficient. Defendant General Collections & Recoveries' conduct violated section 1681s-2(b) of the FCRA.

**COUNT VII**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST SALLIE MAE**

74. All preceding paragraphs are realleged.

75. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

76. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant Sallie Mae.

77. Defendant Sallie Mae received these disputes.

78. Defendant Sallie Mae was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

79. Defendant Sallie Mae failed to reasonably investigate Plaintiff's dispute.

80. Indeed, Defendant Sallie Mae's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient. Defendant Sallie Mae's conduct violated section 1681s-2(b) of the FCRA.

**COUNT VIII**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST U.S. DEPARTMENT OF EDUCATION**

81. All preceding paragraphs are realleged.

82. Furnishers of credit information have a duty under the FCRA to investigate disputes from

consumers as to the accuracy of information being reported.

83. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant U.S. Department of Education.

84. Defendant U.S. Department of Education received these disputes.

85. Defendant U.S. Department of Education was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

86. Defendant U.S. Department of Education failed to reasonably investigate Plaintiff's dispute.

87. Indeed, Defendant U.S. Department of Education's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient. Defendant U.S. Department of Education's conduct violated section 1681s-2(b) of the FCRA.

## COUNT IX
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST USA FUNDS, INC.

88. All preceding paragraphs are realleged.

89. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

90. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant USA Funds, Inc.

91. Defendant USA Funds, Inc. received these disputes.

92. Defendant USA Funds, Inc. was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

93. Defendant USA Funds, Inc. failed to reasonably investigate Plaintiff's dispute.

94. Indeed, Defendant USA Funds, Inc.'s on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

Defendant USA Funds, Inc.'s conduct violated section 1681s-2(b) of the FCRA.

### COUNT X
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST COMENITY BANK

95. All preceding paragraphs are realleged.

96. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

97. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Defendant Comenity Bank.

98. Defendant Comenity Bank received these disputes.

99. Defendant Comenity Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

100. Defendant Comenity Bank failed to reasonably investigate Plaintiff's dispute.

101. Indeed, Defendant Comenity Bank's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient. Defendant Comenity Bank's conduct violated section 1681s-2(b) of the FCRA.

### COUNT XI
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST EXPERIAN

102. All preceding paragraphs are realleged.

103. On multiple occasions in 2017 and 2018, Plaintiff initiated disputes with Experian requesting that they correct and remove a number of specified accounts which were fraudulently opened by an individual other than the Plaintiff.

104. In support of these disputes, Plaintiff submitted all the required documentation, including proof of her identity, a Police Report and an Identity Theft Report.

105. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

106. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

107. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

108. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 9, 2018

/s/ Jonathan F. Raburn
Jonathan F. Raburn, Esq.
McCarty & Raburn A Consumer Law Firm, PLLC
3000 Custer Road, Suite 270 #1501
Plano, Texas 75075
Ph: 225.412.2777
jonathan@geauxlaw.com


/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@MarcusZelman.com
*Attorneys for Plaintiff*
**Admitted Pro Hac Vice**

### CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Counsel of record.

Dated: November 9, 2018

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
3000 Custer Rd. Suite 270 # 1501
Plano, TX 75075
jonathan@geauxlaw.com
225-412-2777